UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANTON Q. SHELTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-CV-1050 SNLJ-NAB |
| | ) | |
| GERARD NESTER, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Stanton Q. Shelton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Gerard Nestor has filed a Response as to why the Petition should not be granted. [Doc. 13.] Shelton has filed Reply Memoranda. [Docs. 10, 17.] This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 7.] For the following reasons, the undersigned recommends that the Petition be denied.

### I. Jurisdiction and Standard of Review

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254

("AEDPA") applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d).

## II. Discussion

In this case, Shelton has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shelton is currently under the guardianship of the Probate Division of the City of St. Louis and the Public Administrator for the City of St. Louis, Gerard Nestor is his current guardian. (Resp't Exs. Q, R.) Shelton was declared legally incapacitated in 2001. (Resp't Ex. K and L.) Shelton has not been convicted of a crime and is not serving any time under a sentence of judgment. Shelton is contesting the legality of the guardianship and requests release from the custody of the guardian. Section 2254 uses broad language to describe its scope.

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The Supreme Court, however, has not considered the scope of the writ of habeas corpus to be a "generally available federal remedy for every violation of federal rights." *Lehman v.*

*Lycoming County Children's Serv. Agency*, 458 U.S. 502, 510 (1982). The Supreme Court's decisions have limited the writ's availability to "challenges to state court judgments in situations where- as a result of a state-court criminal conviction- a petitioner has suffered substantial restraints not shared by the public generally." *Id.* The Supreme Court has rejected habeas petitions for domestic relations matters, including child custody matters. *Lehman*, 458 U.S. at 515-16. "The federal writ of habeas corpus representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." *Hemon v. Office of Public Guardian*, 878 F.2d 13, 14 (1st Cir. 1989) (citing *Lehman*, 458 U.S. at 515-16). The federal court system has a long standing policy of abstaining from domestic relations matters and its abstention from such matters is not limited to the area of child custody, but extends to the entire field of domestic relations. *Hemon*, 878 F.2d at 15 (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)).

The same concerns about federalism and finality that counsel against federal habeas jurisdiction over child custody disputes also counsel against federal habeas jurisdiction over disputes regarding guardianship. *Hemon*, 878 F.2d at 15. "[The] federal interest in guardianship matters is not more substantial than the very weak federal interest in child custody matters." *Id.* "Congress has indicated no intention that the results of § 2254 encompass a claim like that of petitioner." *Id.* at 14. Therefore, the undersigned finds that this court does not have jurisdiction over Shelton's claims. *See Venoya v. California*, No. CIV S-08-1699 DAD P, 2009 WL 565582 (E.D. Cal. Mar. 5, 2009); *Sarhan v. Rothenberg*, No. 07-22818-CIV, 2008 WL 2474645 (S.D. Fla. June 17, 2008).

If Shelton was able to assert a federal claim, he has not fully exhausted his state administrative remedies. A prisoner seeking federal habeas relief must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). "Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and undercuts the State's ability to enforce its procedural rules." *Murray v. Carrier,* 477 U.S. 478, 491 (1986). Shelton has not provided any evidence that he has sought relief through the state court judicial system. Shelton cannot seek federal habeas review before presenting his claims to the state court. Missouri state law allows for the termination of guardianship, including upon a filing of a petition by the ward of the state. Mo. Rev. Stat. § 475.083. According to Missouri law, a ward or protectee of the state can file a petition to terminate guardianship every 180 days. Mo. Rev. Stat. § 475.083.6. Because Shelton has not exhausted or pursued any state court remedies available to him, this court cannot exercise jurisdiction over this action.

The undersigned notes that Shelton filed a Motion to Terminate Guardianship in 2006 and the motion was denied. (Resp't Ex. J at 5, Ex. N.) AEDPA includes a one-year statute of limitations for filing a petition for writ of habeas corpus. 28 U.S.C § 2244(d)(1). In this case, the limitations period began on the date on which the judgment became final by the expiration of Shelton's time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Shelton did not appeal the denial of his motion and the statute of limitations for presenting a § 2254 claim on this denial is well outside of AEDPA's statute of limitations.

## III. Conclusion

Based on the foregoing, the Court finds that Shelton's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The record indicates that Shelton's petition is not cognizable under § 2254 and he has not sought relief or exhausted administrative remedies in state court.

Further, because Shelton has made no showing of denial of a constitutional right, the undersigned recommends that the Court not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 1.]

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Petitioner for a Certificate of Appealability be **DENIED**.

Dated this 31st day of March, 2016.

                                             /s/ Nannette A. Baker
                                             NANNETTE A. BAKER
                                             UNITED STATES MAGISTRATE JUDGE